UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON SCARBER,

        Plaintiff,

v.

JODIE COATS, *et. al.*,

        Defendants.
_____/

Case No. 2:22-cv-10657
District Judge Lauire J. Michaelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO HOLD JEFFREY TANNER, MIKE BROWN, AND JOHN THURBER IN CONTEMPT (ECF No. 42)**

**I.   Procedural Background**

On March 15, 2022, *pro se* Plaintiff Marlon Scarber filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants working within the Michigan Department of Corrections Gus Harrison Correctional Facility ("ARF") and Kinross Correctional Facility ("KCF").  (ECF No. 1.)

On August 1, 2023, the Court entered an order granting Plaintiff's motion for service of subpoenas (ECF No. 36) and directed the United States Marshal Service ("USMS") to serve subpoenas on non-parties Jeffrey Tanner ("Tanner") – the ARF "Current/Acting" warden, and Mike Brown ("Brown") – the KCF warden. (ECF No. 37.)  On November 21, 2023, Plaintiff filed a motion to hold non-parties

1

Tanner, Brown, and their attorney John Thurber ("Thurber") in contempt for failing to comply with subpoenas and related orders.[1] (ECF No. 42.)

Judge Borman referred this case to me for pretrial matters. (ECF No. 12.) However, on June 27, 2024, the case was reassigned to Judge Michaelson, who then referred all pretrial matters to me again. (ECF No. 56.)

**II.   Summary of the Facts**

On August 1, 2023, I granted Plaintiff's motion for service of subpoenas, (ECF No. 32), as unopposed. I also granted, in part, Plaintiff's motion to modify subpoenas (ECF No. 34) as a mere modification to extend the compliance date to September 5, 2023. (ECF No. 36.) The subpoenas at issue asked Tanner and Brown to produce "a hard copy of any emails dated from 2/5/2020 to 4/30/2020 that were sent to and/or received from [listed individuals employed by the MDOC] and contains the plaintiff's name and/or anything in concern to the incidents that gave rise to the above action." (ECF No. 32, PageID.196-97.)

On August 8, 2023, the USMS filed an acknowledge of service of the KCF subpoena upon Brown. (ECF Nos. 38, 39.) The USMS did not file any acknowledgement of service for the ARF subpoena upon Tanner. On August 22,

---

[1] Plaintiff also requests an extension of time to respond to the Defendants' motion for summary judgment. (ECF No. 42, PageID.397, ¶ 9.) However, the Court has already ruled in Plaintiff's favor on this issue. (ECF No. 54.)

2023, the Defendants' counsel, Thurber, served the Plaintiff with objections regarding both Tanner and Brown's subpoena requests. (ECF No. 43-2, PageID.468-470; ECF No. 43-3, PageID.472-474.) These objections were served on Plaintiff within 14 days, as required by Fed. R. Civ. P. 45 (d)(2)(B). Tanner and Brown objected to the subpoenas' broad scope and stated that the subpoenaed individuals do not have access to the email accounts of other staff members. (*Id.*) Nonetheless, Thurber stated that he would provide the requested, non-privileged, emails at a rate of $.25 per page. (*Id.*)

On September 5, 2023, the deadline set by the Court in ECF No. 36, non-parties Tanner and Brown responded to Plaintiff's subpoena. (ECF No. 43-4, Ex. C, PageID.475-478; ECF No. 43-5, Ex. D, PageID.479-482.) Within their response, Tanner and Brown indicated that between 2/5/2020 and 4/30/2020 a total of 53 pages of emails were sent which related to the Plaintiff. (*Id.*) Tanner and Brown maintained their objections regarding safety and security concerns and redacted third-party personally identifiable information. (*Id.*) Tanner and Brown also requested that Plaintiff pay $13.25 (53 pages of emails at $.25 per page) before handing over the documents. (*Id.*)

Plaintiff paid for the documents in mid-October and was given the documents soon thereafter. (ECF No. 43, PageID.459.) While the parties quibble about whether the documents were provided in mid-October vs. late-October (*see*

3

ECF No. 42, PageID.396, ¶ 4), this is of no real import to the Court. On November 21, 2023, the Plaintiff filed a motion for contempt. (ECF No. 42.)

On November 22, 2023, Tanner and Brown served Plaintiff with second supplemental responses, stating that additional emails were withheld "due to the sensitive nature of the information contained in the documents that relates to 'high risk' prisoners and security groups." (ECF No. 43-8, PageID.492-95; ECF No. 43-9, PageID.497-500.) Defendants' counsel did not charge Plaintiff for these supplemental responses. (*Id*.)

### III.  Standard

Under 18 U.S.C. § 401(3), a District Court Judge has the power to punish by contempt "disobedience or resistance to [the Court's] lawful… order." However, "[e]xcept in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt." *United States v. Henrickson*, No. 06-11753, 2010 WL 2318770, at *1 (E.D. Mich. Apr. 16, 2010). However, 28 U.S.C. § 636(e)(6)(B) provides that "where… the act *constitutes* a criminal [or civil] contempt…a magistrate judge shall forthwith certify the facts to a district judge." (emphasis added). Notably, the statute does not require a Magistrate Judge to certify facts to a District Judge where the act *does not* constitute criminal or civil contempt.

4

Fed. R. Civ. P. 45 governs the issuance of contempt for failure to properly respond to a subpoena. Rule 45(g) provides "[t]he court for the district where compliance is required…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Whether to hold a party in contempt is within the discretion of the District Court, however, the power "should not be used lightly." *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "Contempt is a measure of last resort, not first resort." *Gascho v. Glob. Fitness Holdings*, LLC, 875 F.3d 795, 799-800 (6th Cir. 2017) (citing *Young v. United States*, 481 U.S. 787, 801 (1987)).

**IV.  Analysis**

In order for this Court to find Tanner, Brown, and Thurber in contempt, the Plaintiff must demonstrate "by clear and convincing evidence" that these individuals "'violate[d] a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quoting *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Plaintiff raises four arguments in support of his motion for contempt. First, Plaintiff argues that the required payment of $13.25 created an unnecessary delay

5

due to MDOC financial restrictions placed on inmates. (ECF No. 42, PageID.396, ¶ 2-3.) Plaintiff emphasized that prisoners are only allowed to have a maximum $11.00 in their accounts per month, which was not enough to pay the $13.25 that was requested by Defendants' counsel. (*Id.*) However, a prisoner must bear his own costs of discovery. *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983). While Plaintiff argues that the required payment "needlessly increased the cost of litigation" (ECF No. 42, PageID.397, ¶ 8), non-parties are not required "to subsidize a plaintiff's discovery by producing copies at their own expense." *Eubanks v. Corizon, Inc.*, No. 18-1327, 2018 WL 9651500, at *2 (6th Cir. Nov. 16, 2018) (citing *Kean v. Van Dyken*, No. 4:05-cv-64, 2006 WL 374502, at *4-5 (W.D. Mich. Feb. 16, 2006)). "[U]nder the American rule, each party bears its own costs in litigation." *Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir. 1988). Despite his having been granted *in forma pauperis* status, Plaintiff is not exempt from having to pay all costs incurred in obtaining discovery materials. *See, e.g., Cowan v. Miller,* No. 2:15-CV-12428, 2016 WL 6030082, at *2 (E.D. Mich. Oct. 14, 2016) (Patti, M.J.) (citing *Smith v. Yarrow*, 78 Fed. App'x 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding in forma pauperis may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendants pay for an indigent prisoner's discovery efforts.")).

Second, Plaintiff argues that there are multiple copies of the same email and emails outside the dated range. (ECF No. 42, PageID.396, ¶ 5.) While these emails may be duplicative, they do comply with the subpoena obligations. Additionally, while two emails fall outside the subpoenas' date range, these two emails were connected to a chain of emails, beginning on January 24, 2023 (outside the date range) and ending February 11, 2020 (within the date range). (*Id*. at PageID.424-25.) Therefore, the two emails that fall outside the scope of the subpoena simply provide context to the other emails falling within the subpoena's scope.

Third, Plaintiff argues that emails were withheld from him. (*Id*. at PageID.397, ¶7.) To evidence this, Plaintiff states that an email from Tanner indicates that Tanner believed that Plaintiff was trying to start a riot. (*Id*. at PageID.440-42.) However, no other emails contain information regarding inciting a riot, which Plaintiff states "is a red flag, given the fact that exchange could not possibly be the end of that conversation." (*Id*. at PageID.397, ¶ 6.) This conclusory statement made by the Plaintiff falls far short of the "clear and convincing" standard required to hold Tanner and Brown in contempt. *NLRB*, 829 F.2d at 591.

Last, Plaintiff argues that Thurber's written objections violate Fed. R. Civ. P. 45(b) and the Court's order "To Serve And Enforce Subpoenas Over Objections as

7

'unopposed'." (ECF No. 42, PageID.397, ¶ 6.) Notably, Thurber's written objections violate neither Fed. R. Civ. P. 45(b) nor the Court's written order. The Court's order (ECF No. 36) granted the Plaintiff's request to serve Tanner and Brown with subpoenas. "Unopposed" referred to the Defendants' lack of opposition to Plaintiff's general request for service of subpoenas. On the other hand, upon receipt of subpoenas, "a person commanded to produce documents…may serve on the party…designated in the subpoena a written objection…to producing electronically stored information in the form or forms requested." Fed. R. Civ. P. 45 (d)(2)(B). Therefore, Thurber was permitted to submit written objections.

## V.     Order

For the reasons explained above, the Court **DENIES** Plaintiff's request for contempt against Tanner, Brown, and Thurber (ECF No. 42). Plaintiff has not produced "clear and convincing evidence" showing that the parties (or their attorneys) opposing contempt violated a "definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB*, 829 F.2d at 591.

**IT IS SO ORDERED.**[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

Dated: July 16, 2024

_____
Anthony P. Patti
United States Magistrate Judge

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).