UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARLON SCARBER,<br><br>     Plaintiff,<br><br>v.<br><br>JODIE L. COATS, SHANE SPETH,<br>and BRENT WILLIAMSON,<br><br>     Defendants. | Case No. 22-10657<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER OVERRULING OBJECTIONS [65, 66],
ADOPTING REPORT AND RECOMMENDATION [63], AND GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT [40]**

On March 15, 2022, Marlon Scarber filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 against four MDOC employees, Jodie L. Coats, Marcy Brockway, Shane Speth, and Brent Williamson. (*See* ECF No. 1.) Defendant Brockway was voluntarily dismissed from the case without prejudice. (*See* ECF No. 31.) Scarber alleges that the remaining defendants violated his First Amendment rights—that Coats prevented him from sending legal mail to the United States Department of Justice and that, when Scarber said he was going to file a complaint, the defendants retaliated. (ECF No. 1, PageID.5–6.) Specifically, Scarber claims that Coats ordered Speth and Williamson to strip search him and that Coats had him transferred to an Upper Peninsula facility that was too far for his dying mother to visit. (*Id.* at PageID.6–8.) He also alleges that while he was being strip searched, his cell was searched and his legal materials were "scattered" and "ransacked." (*Id.* at PageID.8.)

All pre-trial matters were referred to Magistrate Judge Anthony P. Patti. (ECF Nos. 12, 56.) After some time for discovery, Coats, Speth, and Williamson moved for summary judgment. (ECF No. 40.) Before the Court is Judge Patti's report and recommendation to grant in part and deny in part defendants' motion, with the effect of dismissing Speth and Williamson from the case and dismissing Scarber's cell search claim. (ECF No. 63.) Coats and Scarber timely filed objections. (ECF Nos. 65, 66.) For the reasons below, the Court overrules the parties' objections, adopts Judge Patti's report and recommendation in full, and grants in part the defendants' motion for summary judgment.

I.

Scarber alleges that on February 5, 2020, Coats prevented him from sending legal mail to the U.S. Department of Justice, and he in turn told Coats he "was going to write him up for violating policy, and file suit on him." (ECF No. 1, PageID.5–6.) Six days later, on February 11, 2020, Scarber says he "was awoken from his sleep," brought to "the strip search room," and subjected to an invasive strip search, which he says was conducted by Speth, recorded by Williamson, and ordered by Coats. (*Id.* at PageID.6–9.) Later that day, Coats filed an "annual review" security classification screen and another prison official completed a security classification screen for Scarber's transfer, and within a day or two Scarber was transferred to another facility, several hours farther away from his family. (*See id.* at PageID.7–9; ECF No. 63, PageID.843, 855–857.)

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)).

To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

## III.

The Court has carefully reviewed Scarber's complaint (ECF No. 1), the defendants' motion for summary judgment (ECF Nos. 40) and the parties' briefing

3

(ECF No. 60 (Scarber's traverse, i.e., response); ECF No. 61 (defendants' reply)), Judge Patti's report and recommendation to grant the motion in part (ECF No. 63), the objections filed by Coats (ECF No. 65) and Scarber (ECF No. 66), Coats' response to Scarber's objection (ECF No. 67), and all other applicable filings and law. Having conducted this *de novo* review, the Court finds that Judge Patti's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that, given the current state of the Sixth Circuit law on retaliatory prison transfers, his legal reasoning is sound. There are no prejudicial clear errors in Judge Patti's findings or recommendations to grant in part and deny in part defendants' motion for summary judgment. Although a close call on the prison transfer issue, the parties' objections fail to support a conclusion to the contrary.

As an initial matter, no objections were made to Judge Patti's recommendation to dismiss Scarber's cell-search-related retaliation claim against all three defendants. The Court thus finds that the parties have waived this Court's review of the magistrate judge's findings on that claim. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal."); *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that the Sixth Circuit's rule of procedural default does not violate either the Federal Magistrates Act or the federal Constitution); *see also Garrison*, 2012 WL 1278044, at *8 ("The Court is not obligated to review the portions of the report to which no objection was made.").

4

That leaves only Scarber's retaliation claims stemming from the alleged strip search and transfer. Judge Patti recommends that both claims proceed against Coats but not against Speth and Williamson. Coats objects, arguing that the alleged transfer does not constitute an adverse action and that Scarber cannot show a causal connection between Coats and either the transfer or the strip search. Scarber objects only that his strip-search-related retaliation claim should survive against all defendants. He does not make any objections concerning the transfer claim, so he has waived his objections as to Speth and Williamson's dismissal on that claim as well.

## A.

Scarber's objections focus only on his strip search claim. He objects to Judge Patti allegedly disregarding his claim that Speth and Williamson violated MDOC policy during the strip search while crediting the guards' assertion that they complied with it. (ECF No. 66, PageID.903.) He also contends that Judge Patti failed to favorably construe his allegations and that doing so would have made clear that MDOC policy does not authorize strip searches in the manner conducted by Speth and Williamson. (*Id.*) But the considerable attention Scarber devotes to Speth and Williamson's alleged violation of the MDOC search policy is misplaced. (*Id.* at PageID.902–904.) Even if the strip search violated this policy, that would not affect Judge Patti's conclusion that there was no causal connection between Speth and Williamson and Scarber's protected conduct.

Scarber also points to Judge Patti's finding that there is a genuine issue of material fact as to whether Coats ordered the strip search and contends that Judge

5

Patti's conclusion should automatically extend to Speth and Williamson, who he says carried it out. (*Id.* at PageID.905–906.) But he does not point to any overlooked evidence creating a genuine dispute of material fact as to causation. And he ignores the evidentiary differences as to the defendants. As Judge Patti accurately states, a factual dispute exists as to Coats because Scarber presented evidence, including his own declaration and supporting statements from other inmates, to dispute Coats' denial that he ordered the search. (ECF No. 63, PageID.851.) Scarber fails to present evidence that Speth and Williamson knew or had reason to know the search was connected to his protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Instead, he offers only conclusory assertions, not evidence, to bridge this gap (ECF No. 66, PageID.906), and speculation cannot create a factual dispute where none exists. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

## B.

Judge Patti recommends allowing the transfer claim to proceed against Coats, reasoning that a transfer could constitute an adverse action in these circumstances and that there is a question of fact as to the causal connection between the transfer and Coats. (ECF No. 63, PageID.845-846.) Coats objects, arguing that Scarber's transfer was not an adverse action for purposes of a First Amendment retaliation claim and that Scarber fails to show a causal connection because Coats lacked authority to initiate the transfer. (ECF No. 65, PageID.894–898.)

True, the Sixth Circuit is clear that transfer alone cannot rise to the level of an adverse action for purposes of a First Amendment retaliation claim. *See Siggers-El v. Barlow*, 412 F.3d 693, 701–02 (6th Cir. 2005). But it has issued numerous unpublished opinions that make it unclear whether transfer to a facility far from visiting family members, including those that are ill, is the type of foreseeable, negative consequence that constitutes adverse action. *Compare Smith v. Weers*, No. 17-1504, 2018 U.S. App. LEXIS 54, 2018 WL 2087122, at *4 (6th Cir. Jan. 2, 2018) ("[A] prison transfer does not constitute an adverse action simply because it makes it more difficult for friends and family to visit the prisoner."), *Johnson v. Hoffner*, No. 17-2102, 2018 U.S. App. LEXIS 10139, at *1–2 (6th Cir. Apr. 20, 2018) ("[T]ransferring a prisoner to 'an institution [that] was located farther away from those who visited him' did not rise to the level of an adverse action."), *and Hudson v. Wade*, No. 12-2465, 2014 U.S. App. LEXIS 25160, *5 (6th Cir. Mar. 2, 2014), *with Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (finding that threat to have a prisoner moved out of the unit so that he would lose his job, together with a threat to influence the warden to have the prisoner transferred "to a location where his family would not be able to visit him," were sufficient to plead adverse action and avoid a motion to dismiss), *Johnson v. Elum*, No. 23-1355, 2023 U.S. App. LEXIS 33187, at *5 (Dec. 14, 2023) ("We have also recognized that a transfer might be adverse if it . . . moves the prisoner to a location that prevents family members from visiting." (citing *Pasley*, 345 F. App'x at 985), *and Cain v. Palmer*, No. 22-1336, 2024 WL 1056214, at *2 (6th Cir. Mar. 7, 2024) ("A reasonable trier of fact could conclude that

7

the defendants' retaliatory transfer of Cain would deter a prisoner of ordinary firmness from continuing to engage in protected conduct."). *See also Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 471 (6th Cir. 2001) (holding that transfer from one prison about 100 miles away from visitors to another prison about 300 miles away from visitors, where second facility had same security level and "did not offer the programs in which he had previously participated," was not an adverse action "with no other aggravating factors"); *Anderson v. True*, No. 17-2144, 2019 U.S. App. LEXIS 22312, at *6–7 (6th Cir. July 25, 2019) (acknowledging Sixth Circuit split). Thus, until the Sixth Circuit clarifies this issue, the Court sees no reason to reverse Judge Patti's decision.

As to Coats' objection on causation, the Court agrees with Judge Patti's conclusion that a genuine issue of material fact precludes summary judgment in Coats' favor. (ECF No. 63, PageID.854–859.) Further, Coats' objections as to causation also restate arguments from his motion for summary judgment.

## IV.

Accordingly, the Court OVERRULES Coats' objections to the report and recommendation (ECF No. 65), OVERRULES Scarber's objections to the report and recommendation (ECF No. 66), ADOPTS Judge Patti's report and recommendation in full (ECF No. 63), and GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment (ECF No. 40).

All claims against defendants Speth and Williamson are dismissed, and Scarber's First Amendment retaliation claim stemming from defendant Coats'

alleged cell search is dismissed. Scarber's First Amendment claims of retaliatory strip search and transfer may proceed against Coats.

    SO ORDERED.

Dated: March 31, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE